IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MICHAEL PLUMER, *et ux.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. SAG-24-01089 |
| | * | |
| ALLSTATE INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Michael and Dawnetta Plumer filed this action against Defendant Allstate Insurance Company ("Allstate"), asserting claims relating to a homeowners' insurance policy. ECF 1. In December, 2025, Allstate filed a motion to dismiss for lack of prosecution. ECF 24. Plaintiffs have not responded. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Allstate's motion will be granted and Plaintiffs' claims will be dismissed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs maintained a homeowners' policy with Allstate to insure a single-family home in Newberg, MD. ECF 1, 24-2. They submitted a wind damage claim in July, 2022 and identified Joseph Kriner of Semper Fi Public Adjusters as their adjuster. ECF 1, 24-3. On August 3, 2022, just before Allstate's scheduled physical inspection, Kriner submitted a repair estimate totaling $219,202.03. ECF 24-4. The estimate included a public adjuster's fee. *Id.*

In its inspection, Allstate identified minor damage to siding, window screens, and the metal roof. It estimated the cost of repairs at $4,101.59. ECF 24-5. After deducting the deductible and depreciation amounts, Allstate issued a payment of $3,851.59 to Plaintiffs. ECF 24-6.

Kriner contacted Allstate thereafter seeking payment for the remainder of his estimate. Allstate requested photographic support for his estimate, which had claimed a need to replace the entire roof, siding, and gutters and downspouts of the main residence and detached shed, along with the exterior deck. In response, Kriner sent eight photos depicting moisture between window panes, tree branches lying on a deck, and branches on the roof as seen from ground level. The photos were not marked to indicate the alleged property damage they depict. ECF 24-7.

Plaintiffs' then-counsel filed this breach of contract action on April 15, 2024, seeking payment of the amount of Kriner's estimate. ECF 1. On December 23, 2024, this Court issued a show cause order because Plaintiffs had not effected service of process. ECF 6. Plaintiffs' counsel sought an extension of time and this Court ordered reissuance of the expired summons. ECF 7, 9.

Although Plaintiffs never filed proof of service, Allstate answered the complaint on April 24, 2025 and this Court issued a scheduling order. ECF 14, 15. The scheduling order required Plaintiff's Rule 26(a)(2) expert witness disclosures by July 14, 2025 and set a discovery deadline of September 26, 2025. ECF 15.

Allstate sent discovery requests to Plaintiffs' counsel on July 25, 2025. ECF 24-8. Shortly thereafter, Plaintiffs' counsel filed a motion to withdraw his appearance, which this Court granted. ECF 16, 17. Plaintiffs have been self-represented since that time.

On September 25, 2025 (the day before the close of discovery), Allstate advised Plaintiffs that their written discovery responses were overdue. ECF 24-9. Plaintiffs did not respond. Allstate also asked this Court to issue a show cause order to ascertain whether Plaintiffs intended to prosecute the case. ECF 18. This Court issued the show cause order on October 6, 2025. ECF 20. Instead of responding, Plaintiffs submitted a "motion to compel appraisal" on October 21, 2025. ECF 21. This Court denied the motion without prejudice on November 24, 2025, and ordered

Plaintiffs to provide "full and complete" responses to Allstate's discovery requests by December 15, 2025. ECF 23.

On the morning of December 15, 2025, Plaintiffs asked Allstate for copies of their discovery requests. ECF 24-10. Plaintiffs emailed answers later that afternoon, but the responses were patently insufficient. For example, Plaintiffs did not produce any documents in response to Allstate's requests for production, instead directing Allstate "to coordinate an inspection or obtain copies directly from Mr. Kriner." ECF 24-12. And in response to Allstate's interrogatory requesting expert witness statements, Plaintiffs stated, "Please contact my Public Adjuster for his statement." ECF 24-11.

In sum, at the close of discovery, Plaintiffs have not provided any expert witness designations and have produced no documents to substantiate their claims, injuries, or damages, other than the eight photographs Kriner sent to Allstate in 2022.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[R]ecognizing the severity of dismissal as a sanction," the Fourth Circuit has "identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b)." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). Specifically, the court "should weigh: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'" *Id.* (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)).

### III.    ANALYSIS

Allstate's motion suggests two independent bases for dismissal pursuant to Rule 41(b) – failure to prosecute and failure to comply with this Court's order to provide "full and complete" discovery by December 15, 2025. This Court will apply the Fourth Circuit's four-factor test to consider whether the sanction of dismissal is warranted.

First, as Plaintiffs are self-represented in this action, they bear personal responsibility for their failure to prosecute the case by identifying expert witnesses, responding to discovery requests, and filing oppositions with this Court. Second, at this stage, Allstate has suffered significant prejudice. The discovery period has concluded, and Plaintiffs have not provided any substantive discovery relating to these events which are now almost four years old. Third, Plaintiffs have acted in dilatory fashion throughout this litigation, beginning as early as the failure to effect service. While this Court recognizes that then-Counsel may bear some blame for earlier incidents, Plaintiffs have been self-represented for about eight months and have not participated in any meaningful way in the discovery or litigation process, grinding this case to a halt. The case should currently be positioned for dispositive motions and/or trial, but Allstate cannot be expected to proceed with either in the absence of discovery. Fourth, no less drastic sanctions are available to rectify these failures effectively. Allstate and this Court have already had to resort to show cause orders on multiple occasions to try to move this case forward, to no avail. That process cannot continue.

As Allstate notes, even if this case were to proceed, Plaintiffs' discovery failures have left them, after the close of discovery, without the expert testimony that is required to prove their claim. *See Norris v. PNC Bank, N.A.*, Civ. No. ELH-20-3315, 2023 WL 3688335, at *21 (D. Md. May 26, 2023) (discussing the need for expert testimony to establish the proximate cause of property

damage); *Pryszmont v. Allstate Vehicle & Prop. Ins. Co.*, Civ. No. 22-02792-JMC, 2024 WL 3090384, at \*4, \*6 (D. Md. June 21, 2024) (holding that the plaintiff could not rely on the lay testimony of Kriner, a public adjuster, to establish causation or damages in a property damage claim). Any sanction other than dismissal would simply require Allstate to incur additional litigation expense defending a case Plaintiffs cannot win.

## IV.    CONCLUSION

For these reasons, Allstate's Motion, ECF 24, will be granted, Plaintiffs' claims will be dismissed, and this case will be closed.

Dated: March 18, 2026

_____/s/_____
Stephanie A. Gallagher
United States District Judge

5